## DOWELL *v.* DAWSON.

Where a witness will be equally responsible however the case may be determined, he is competent; his interest being balanced.

APPEAL from the District Court of Madison, *Curry*, J. *Frost*, for the appellant. *Sanders*, for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff sues for the amount of an account for merchandise alleged to have been sold and delivered to the defendant, previous to the marriage of the latter, in the State of Mississippi. The defendant admits that a part of the account was contracted for her benefit, but avers that it has been paid and extinguished. There was a judgment against the plaintiff in the court below, from which she has appealed.

During the years in which the account sued on occurred, the defendant was a minor, residing with her brother-in-law, *F. H. Claiborne*, at whose request the articles were furnished. The evidence leaves no doubt that the credit was given to *Claiborne*, at whose instance the account was opened. The plaintiff regarded him as her debtor, and requested him to close the account by note, which he did, upon the express condition, that it should be receipted in full and the defendant discharged, that he might be enabled to collect it from the defendant's guardian. The account was subsequently paid to *Claiborne* by the defendant's guardian, and the latter received a credit for its amount in the final settlement of his accounts with his ward, in the Probate Court of Mississippi. The plaintiff appears never to have called on the defendant for payment prior to the marriage of the latter, when the affairs of *Claiborne* had become embar-

DOWELL
v.
DAWSON.

rassed, and his solvency doubtful. Previous to that time the defendant had accounted for the plaintiff's claim in the settlement with her guardian. Nor did the plaintiff ever demand payment of the defendant's guardian, although the latter published notices for several weeks, in a newspaper of the town of Natchez, where the plaintiff resided, of his intention to render his final account of his administration.

The competency of *Claiborne* to testify has been objected to, on the ground of interest. He will be equally responsible to either of the parties, whatever may be the result of the suit. His interest is balanced, and his testimony was properly admitted.*                                        *Judgment affirmed.*

---

* The counsel for the appellant contended that the witness was incompetent from interest, on the ground that, if the plaintiff recovered the witness would be liable to the defendant for the debt and costs, but, in case of judgment for the defendant, his liability to the plaintiff would be for the debt, without costs. The court considered the interest of the witness to have been *balanced;* and this decision cannot be considered as determining that a liability for costs is not of itself sufficient to disqualify a witness.—REPORTER.